## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL ALLEN HAMMACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:19-cv-00830-SMY |
| ) | |
| T. G. WERLICH, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Randall Allen Hammack, a federal prisoner incarcerated at FCI-Greenville/USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (June 21, 2019), his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) should be vacated. (Doc. 1).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.[1] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Hammack was convicted in the Western District of Missouri (Case No. 6:11-cr-03090-DGK-1)) and sentenced on December 14, 2012 to 110 months. On February 19, 2016, his § 2255 motion was denied (Case No. 15-3442-CV-S-RK-P (W.D. Mo). He contends the

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Government failed to allege or prove that he knew that he belonged to the category of persons (those with a prior felony conviction) who were prohibited from possessing a firearm at the time he possessed a firearm.

> In *Rehaif*, the Supreme Court held that:
>
> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country).

Given the limited record and the still-developing application of *Rehaif*, it is not plainly apparent that Hammack is not entitled to habeas relief. Accordingly, without commenting on the merits of Hammack's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

### **Motion for Recruitment of Counsel**

Hammack also filed a letter addressed to the Clerk of Court requesting appointment of counsel, which the Court construes as a motion for recruitment of counsel. (Doc. 2). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must

consider (1) whether the indigent litigant has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the litigant's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). Hammack discloses no efforts to locate counsel on his own. Therefore, his request for recruitment of counsel is premature and his Motion (Doc. 2) is **DENIED without prejudice.**

Hammack may renew his request for counsel at any time during the pending action, after first attempting to locate counsel on his own. If Hammack does renew his request, he should give the Court rejection letters from at least three attorneys with regard to a request for representation in this case to prove that he has made reasonable efforts to obtain counsel on his own.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before December 2, 2019).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that Hammack's Motion for Recruitment of Counsel (Doc. 2) is **DENIED** and his Motion for Status (Doc. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C.

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

3

§ 636(c), *should all the parties consent to such a referral.*

Hammack is **ADVISED** of his continuing obligation to keep the Clerk (and the Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: November 1, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**