IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RANDALL ALLEN HAMMACK,**

         **Petitioner,**

v.

**T. G. WERLICH,**

         **Respondent.**

Case No. 19-CV-00830-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Petitioner Randall Allen Hammack filed this *pro se* Habeas Corpus action pursuant to 28 U.S.C. § 2241 in July 2019. (Doc. 1). Hammack invokes the decision of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), as the basis for his claim. In December 2019, Respondent moved to dismiss the Petition (Doc. 11). Hammack did not reply.

### RELEVANT FACTS AND PROCEDURAL HISTORY

    In April 2015, Hammack was indicted in the Western District of Missouri of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1) (Doc. 11-1) *United States v. Hammack*, No. 11-cr-03090-DGK. The indictment alleged that Hammack had previously suffered a conviction for a crime punishable by a term of imprisonment exceeding one year (*Id.*). In May 2012, Hammack pleaded guilty (Doc. 11-2).[1] The plea agreement stated that Hammack had prior felony convictions at the time of his possession of the firearm, including a conviction for conspiracy to

---

[1] The United States dismissed Count 2 of the Indictment.

distribute methamphetamine in the Western District of Missouri (*Id.*, p. 2). Hammack signed the agreement and acknowledged that he had read it carefully and reviewed it with his attorney (*Id.*, p. 16). In his plea colloquy, he also acknowledged that he had read the factual statements contained in his written plea agreement involving his conduct, including his previous conviction for conspiracy to distribute methamphetamine, and acknowledged that the factual statements contained in the written plea agreement were true (Crim. Doc. 24, pp. 6-7).

Hammack's presentence investigation report further revealed that he served more than five years and eight months in custody for the conspiracy to distribute methamphetamine conviction. The report further stated that he served more than one year for his conviction of petty theft with a prior in Solano County, California when his probation was revoked. The report also listed two other felony convictions for possession of a controlled substance with a potential sentence of incarceration greater than one year. In December 2012, he was sentenced to 110 months' imprisonment under § 922(g)(1). During his allocution, Hammack made the following statement:

> I did the next most stupidest thing you could say, I called somebody and I asked them to bring me a gun. Ten minutes after he came through the backdoor with a gun, the cop kicked in the front door . . . I apologize to you. I accept full responsibility for my stupid actions. I accept whatever sentence you give me and whatever sentence you need . . . I apologize to the courts. I know my record doesn't look good. I don't know what to say about that. I deserve whatever you do. Thank you.

(Crim. Doc. 41; pp. 12-13).

In July 2015, Hammack filed a motion under 28 U.S.C. § 2255, claiming that

his federal sentence was calculated based upon a state conviction that "was vacated under California new law Prop 47." *Hammack v. USA*, No. 15-cv-03442-RK. In February 2016, the district court denied that motion, stating that the felony designation of a conviction itself did not factor into his criminal history calculation under the United States Sentencing Guidelines.

### APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be

deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

## THE REHAIF DECISION

On June 21, 2019, the Supreme Court held in *Rehaif*:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country). The opinion abrogated nationwide precedent in all eleven circuit courts of appeal which had held that knowledge was not an element that the prosecution must prove to obtain a conviction.

## ANALYSIS

Respondent in this case concedes that Hammack's claim meets the first two *Davenport* requirements (Doc. 11, p. 15), but argues he cannot meet the third factor because of ample available evidence that Hammack knew he had been previously convicted of several felonies at the time he possessed the firearms.

It is true that Hammack's indictment did not allege that he knew he was a

convicted felon at the time he possessed the firearms. Cases following the *Rehaif* decision make clear, however, that this Court can and should consider certain other evidence in the record to determine whether it establishes the knowledge element set forth in *Rehaif* and if so, the conviction will stand even where the knowledge element was omitted from the indictment or even the jury instructions. *See, e.g., United States v. Pulliam*, _ F.3d _, No. 19-2162, 2020 WL 5247590, at *3 (7th Cir. Sept. 3, 2020); *United States v. Maez*, 960 F.3d 949 (7th Cir. 2020); *United States v. Williams*, 946 F.3d 968, 973-74 (7th Cir. 2020). *See also Bousley v. United States*, 523 U.S. 614 (1998). Given his prior convictions, his acknowledgment of those convictions, and his term of incarceration in excess of one year for two of those convictions, the Court is satisfied that Hammack knew he was a convicted felon when he possessed the firearms in the instant case. Hammack therefore cannot demonstrate that the omission of the *Rehaif* knowledge element from his indictment and jury instructions resulted in his being convicted of a nonexistent offense, or of a crime of which he was innocent. There was no miscarriage of justice in this case, and Hammack is not entitled to habeas relief under Section 2241 based on the *Rehaif* decision.

Furthermore, the Seventh Circuit has made it clear that a person challenging the validity of his/her guilty plea based on *Rehaif* has the burden to show there is "a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *United States v. Dowthard*, 948 F.3d 814, 817-18 (7th Cir. 2020) (quoting *Williams*, 946 F.3d at 973). Like the defendant in *Dowthard*, Hammack has set forth no facts or argument to convince the Court that he would have chosen to go to trial if the

*Rehaif* rule had applied.

## CONCLUSION

Randall Allen Hammack's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. *See* FED. R. APP. PROC. 4(a)(1)(B). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–859 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. *See* FED. R. APP. PROC. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th

Cir. 2000).

**IT IS SO ORDERED.**

**DATED: May 25, 2021**

                                           **s/ *Stephen P. McGlynn*** 
                                           **STEPHEN P. McGLYNN**
                                           **U.S. District Judge**